MEYER FRANK and others *vs.* JOHN S. IRGENS.

July 22, 1880.

Contract—Consideration—Proof at Trial.—In an action on a contract, if, on the trial, the plaintiff is permitted, without objection, to prove the contract, and a valid consideration for it, this cures any insufficiency of the complaint in the statement of the consideration.

Same—"Value Received."—A written promise to pay money, which states that it is "for value received," shows a valid consideration.

Plaintiffs brought this action in the district court for Mower county, against the defendant as maker of the following instrument, not set forth in the complaint, but described therein as a promissory note, and alleged to have been "duly transferred to plaintiffs, who are now the owners and holders thereof:"

"$400.                    LYLE, MINN., April 1, 1878.

"On or before the 1st day of April, 1879, for value received, I promise to pay to Th. Irgens, or order, four hundred dol-

lars, with interest at the rate of 12 per cent. per annum, payable annually.

"Should any of the interest not be paid when due, it shall bear interest at the rate of 12 per cent. It is also stipulated that, should suit be commenced to enforce the collection of this note, a reasonable amount of attorney's fees shall be allowed and taxed with the costs in the cause.

"J. S. Irgens."

The only statement of a consideration in the complaint is that the promise in the instrument sued on was "for value received."

The defendant in his answer alleged that the instrument was made and delivered without any consideration whatever, and denied any information as to the alleged transfer to plaintiffs.

At the trial before *Page,* J., (a jury being waived,) the plaintiffs having put in evidence the instrument sued on, and having thereupon rested their case, the defendant moved for a dismissal on the ground that the complaint failed to state a cause of action. The motion was denied, and the defendant excepted. No further evidence being introduced by either party, the court ordered judgment for plaintiffs; a new trial was denied, and the defendant appealed.

*Gilman & Clough,* for appellant, argued that the instrument is not a promissory note, and does not import a consideration; and therefore the complaint is defective in not stating the particular consideration on which the promise was founded. 1 Chitty Pl. 293; *Woods* v. *North,* 84 Pa. St. 407; *First Nat. Bank* v. *Gay,* 63 Mo. 33.

*E. O. Wheeler,* for respondents, argued that the instrument is a negotiable promissory note, citing 2 Parsons Notes & Bills, 413-4; *Smith* v. *Silvers,* 32 Ind. 321; *Stoneman* v. *Pyle,* 35 Ind. 103; *Sperry* v. *Horr,* 32 Iowa, 184; *Gaar* v. *Louisville Banking Co.,* 11 Bush, (Ky.) 180.

GILFILLAN, C. J. The motion to dismiss the action, for

insufficiency of the complaint, was not made until the instrument described as the basis of the cause of action had been introduced in evidence, without objection. This, if the contract itself be valid on its face, cured the defect, if there was any, alleged against the complaint, that it did not sufficiently state a consideration for the promise sued on.

It is immaterial whether the instrument is or is not a promissory note. If it does not bear that character, it is still good as an ordinary contract. It contains a promise to pay, and admits "value received" as the consideration for the promise. It makes out, *prima facie*, a binding promise, upon a valid consideration; and its introduction on the trial entitled plaintiff to recover, unless a defence to it was shown.

Order affirmed.