JOHN G. ELMQUIST *vs.* WILLIAM F. MARKOE and another.

December 10, 1888.

.Contract—Pleading  Consideration.—If a written contract for the pay-
ment of money, which states that it is "for value received," be set forth
in a complaint according to its terms, the recital in the instrument is a
sufficient allegation of a consideration.   Following *Frank* v. *Irgens,* 27
Minn. 43.

Appeal by defendant Wm. F. Markoe from an order of the district
court for Ramsey county, *Brill,* J., presiding, overruling his demur-
rer to the complaint.   The complaint alleged that on October 1, 1883,
the defendant made and delivered to one Frederick W. Benson his
certain promissory note, set out as follows:

"$2,000.                    ST. PAUL, MINN., October 1st, 1883.

"On or before October 1st, 1885, I promise to pay to Frederick
W. Benson, or order, for value received, the sum of two thousand
dollars, with interest from date until paid at the rate of seven (7) per
cent. per annum, interest payable semi-annually.   The condition of
this note is such, and it is hereby expressly stipulated and agreed,
that if the said William F. Markoe, the maker of this note, or any
one on his behalf, shall make, or cause to be made, in the buildings
or additions thereto on the real property, the payment of which is
secured by this note, improvements or additions of the value of $2,000,
at or before this note becomes due and payable, then this note will
not be considered due or payable until October 1st, 1887; otherwise
this note shall be due and payable at the time specified in the body
of the note, viz., A. D. 1885.                    WM. F. MARKOE. "

Then followed averments that defendant Wm. Markoe, for value
received, signed his name on the back of the note before its delivery
to Benson; that after delivery of the note, and before October 1, 1885,
Wm. F. made the improvements, etc., provided for in the note, and
that, before the maturity of the note, Benson, for value and in the
regular course of business, indorsed, transferred, and delivered it to

plaintiff, and that though long overdue, and though payment has been demanded of both defendants, the note has not been paid.

*E. St. Julien Cox* and *W. S. Cox*, for appellant.

*Rogers, Hadley & Selmes*, for respondent.

MITCHELL, J.  Both parties have argued this case upon the assumption that the question was whether the instrument declared on is a promissory note.  It is wholly immaterial whether it is or is not. If it is not, it is still a good contract.  Upon its face it purports to have been executed for value received.  Whether or not the allegation in the pleading that it was executed "for value received" would, of itself, be a sufficient allegation of a consideration, it is well settled that if an instrument, purporting on its face to be for value received, be set forth according to its terms, the recital in the instrument is a sufficient allegation of a consideration.  *Frank* v. *Irgens*, 27 Minn. 43, (6 N. W. Rep. 380.)  See *Kean* v. *Mitchell*, 13 Mich. 207, 211. The complaint stated a good cause of action, and the demurrer was properly overruled.

Order affirmed.

NOTE.  A motion for reargument of this case was denied January 3, 1889.