JOHN A. GRAHAM v. HELEN O. GRAHAM and Others.[1]

November 8, 1901.

Nos. 12,700—(27).

**Deed—Incompetent Grantor—Undue Influence.**

Evidence considered, and *held* to sustain a finding by the trial court that the grantor in a conveyance of real estate was mentally competent to execute the same; also a finding that no undue influence had been

[1] Reported in 87 N. W. 923.

exercised by the grantee to secure such conveyance, which findings supported its conclusion of law that such conveyance was of legal force and effect.

## Assignments of Error.

Assignments of error based upon offers of proof wherein it was attempted to show that a trust relation existing between the grantee and other heirs of the grantor had been created by agreement *held* to be of no avail, for the reason that the grantor was not a party to the same, and the avowed purpose thereof was to secure a deed from an incompetent person.

## Offer of Evidence.

When competent evidence is included in a general offer of proof that includes immaterial matters, the trial court is justified in refusing the same.

Appeal by plaintiff from a judgment in favor of defendants entered in the district court for Goodhue county pursuant to the findings and order of Williston, J. Affirmed.

*Wright & Matchan,* for appellant.

*O. M. Hall* and *Stevens, O'Brien, Cole & Albrecht,* for respondents.

LOVELY, J.

Louisa H. Graham died intestate at Red Wing in January, 1895. Plaintiff, defendant Helen O. Graham, and four other daughters of deceased, who have also been made defendants, are her heirs at law. This suit is by the son of such intestate, based upon his interest as heir, to set aside a conveyance from the mother to defendant Helen, and also to declare a trust for the heirs. The case was tried to the court without a jury. Findings of fact and conclusions of law were made in favor of Helen. From a judgment thereon, plaintiff appeals to this court.

On May 19, 1893, the mother, since deceased, conveyed by warranty deed valuable property in the city of Red Wing to the defendant Helen. This action is brought to set aside such conveyance upon the ground, briefly stated, that the mother was incapable, by reason of her old age and demented condition, of executing a valid contract of any kind. Proper averments setting forth the incompetency of the grantor in the deed are alleged in the complaint, and denied by the answer. Upon the issues thus

contested, the court found, in favor of defendant Helen, that her mother, when she made the conveyance which is attacked, was of sound mind and memory; that she comprehended and understcod the nature and effect of the act which she was then executing.

We are not willing unnecessarily to incumber this opinion by the discussion of the evidence on either side, since we are satisfied that the findings of the trial court in the respect above stated were amply sustained, and it would serve no beneficial purpose to give any further publicity than is necessary to what must be regarded as an unfortunate family controversy between the children of the late Christopher Graham, one of the most esteemed of the early settlers of this state.

We have thoroughly and exhaustively considered the evidence, and find, also, that it contains nothing upon which to support the claim that undue influence had been exercised by the grantee in the deed over her mother in order to secure the same for her own benefit. The finding of the trial court to the effect that no such influence had been exercised by the defendant Helen O. Graham over her mother is therefore fully justified by the record.

In the complaint the conveyance of the deceased, Mrs. Graham, to her daughter, was not only attacked upon the ground of her alleged incapacity, but it was claimed, also (to quote from the complaint), that

"Helen O. Graham at the time she received said deed did so upon the express understanding with her sisters, or a portion of them, that she would hold the same as trustee for the use and benefit of the heirs of said Louisa H. Graham, and would keep a strict and accurate account of the receipts from and disbursements upon and for said premises; but plaintiff avers that the said Helen O. Graham has never kept any such account, or any account whatever thereof, but arrogates to herself the claim that she is the sole owner of said premises and the whole thereof."

The apparent object of the allegation above quoted was to establish an express trust in Helen for the benefit of the remaining children of her mother. Conceding that an express trust of the nature and character set forth could have been established in a proper form of action brought for that purpose, plaintiff was in no position to urge that contention in this suit. Obviously he

could not attack the deed upon the ground of the grantor's inca-
pacity, and insist at the same time that a trust arising upon its
execution should be declared for his benefit. Such conflicting
claims were too inconsistent to be established in the same action.
Since plaintiff seriously contended that the deed should be set
aside, and directed the burden of his proofs in that direction,
the court was justified in taking him at his word, and treating
that as the controlling issue to be disposed of in the case.

Upon the trial plaintiff made several offers of proof, each tend-
ing to establish the trust set forth in the allegation of the com-
plaint referred to, and in each offer were embraced such essential
claims to establish such trust that the trial court was justified in
their rejection upon two specific grounds: First. Embraced in
these offers was an attempt to prove that the defendant Helen
had an understanding with other defendants and members of the
Graham family, not including the mother, that she would, after
the death of the latter, distribute the property among the heirs.
The offer did not go far enough, since it was not claimed that
the owner of the property had anything to do with the proposed
trust. It is inconceivable, under any rule of law, that a trust
burden can be imposed upon an estate in real property without
the owner's consent. Second. The offer so made rested upon an
alleged understanding with the defendant Helen that the trust
was to protect the mother, who was treated as incompetent, and
by reason of such incompetency it was thought desirable that the
deed be made to Helen in order to prevent another member of
the family from squandering the resources of the estate.

Whatever may be said of such an agreement in its ethical
aspect, as an attempt to do evil that good might come, legally
it was an unlawful arrangement not sustainable in law; for,
if the mother was incompetent to make a deed, and supposed to
be suffering from such infirmity as affected her capacity in that
respect, an arrangement to obtain the same from her on that
ground does not rest upon a legal basis. The claim that the
offers embraced testimony that had a bearing upon the disposing
capacity of the deceased is, to a certain extent, true; but in each
offer so refused by the trial court counsel went further than an

attempt to show facts affecting the mental capacity of the deceased, under any view of the evidence, and included matters that could have no bearing on any other question than the trust relation above referred to. When a general offer of proof is made, embracing competent as well as immaterial facts, a refusal of the court to allow the same is not error.

Some of the remaining assignments apply to evidence that was excluded, but was afterwards received; and none of them are, in view of the course of the trial, and the reception of similar testimony later, of sufficient merit to require specific reference on this review.

The judgment appealed from is affirmed.