JAY W. CRANE, AS ADMINISTRATOR OF THE ESTATE OF
ELLA VELEY HAMP, DECEASED v. CHARLES VELEY
AND ANOTHER.[1]

May 13, 1921.

No. 22,196.

**Ejectment — findings supported by evidence.**

1. Action in ejectment. Plaintiff relied on a certain deed. Defendant contended and the court found that the grantor in the deed was incapable of understanding the nature of the transaction; that the deed was without consideration and was obtained by fraud. The evidence sustains these findings.

**Cancelation of instrument.**

2. Plaintiff sued as administrator of the estate of the grantee in the deed. There are heirs who are not parties to the suit. It was not error for the court to adjudge that the deed is void and that the record of the deed and the registration certificate issued thereon be canceled.

**Defense of possession.**

3. The grantor in the deed is now deceased. She left a will giving to the grantee the land covered by the deed. Probate of the will was contested by defendant who is a son of the testator. The will was disallowed by the probate court and an appeal is now pending. These facts do not preclude defendant from maintaining his defense based on possession.

Action of ejectment in the district court for Ramsey county and to recover $200 damages for withholding the property and $40 for its use and occupation. The case was tried before Dickson, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended findings was granted in part. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Jay W. Crane*, for appellant.

*Stan D. Donnelly*, for respondents.

[1]Reported in 182 N. W. 915.

HALLAM, J.

Plaintiff, as administrator of the estate of Ella Veley Hamp, brought this action to eject defendants, husband and wife, from a house and lot in Saint Paul. Deceased, Ella Veley Hamp, and defendant Charles Veley were brother and sister and children of Anna E. Veley, the former owner of the property. Plaintiff claims under a deed from Anna E. Veley to Ella Veley Hamp. Defendant Charles is in possession and claims that the deed is void and justifies his possession as one of the heirs of Anna E. Veley, and as administrator of her estate. The trial court held the deed to Ella Veley Hamp void. Plaintiff appeals.

1. The case turns on the validity of this deed. At the time of its execution Mrs. Veley was 81 years old. Up to 1909 she had lived with her husband in Salem, Oregon. In that year her husband died intestate. There were three children, Charles, Ella and Minnie. The next year Mrs. Veley came to Saint Paul and bought the property here in controversy. After paying for it she had a small amount of money left and she received a small pension. She lived in the house and Charles and Ella lived with her. In 1912 Charles married. There was some disagreement between his wife and sister, and from September, 1913, he and his wife lived elsewhere. In March, 1914, Charles commenced proceedings in the probate court of Ramsey county for the appointment of a guardian for Mrs. Veley. On March 18 a partial hearing was had, and after some informal talk the proceeding was continued to be heard on notice by either party. Three days later Mrs. Veley deeded this property to her daughter Ella, reserving a life estate in herself. The trial court found that Mrs. Veley was incapable of understanding the nature of the transaction, that the deed was without consideration and was obtained by Mrs. Hamp through abuse of the confidential relation subsisting between her and her mother, and by taking an unconscionable advantage of her mother's incapable condition.

Plaintiff contends that these findings are not sustained by the evidence. We do not agree with this contention. Several witnesses testified on each side. The judge of probate was sworn as a witness, and his testimony is clear and positive to the effect that Mrs. Veley was "incompetent and suffering from senility." He further testified that he continued the matter after suggesting that a copy of the petition be filed

with the register of deeds which would render any conveyance ineffective, and after telling her not to sign any papers. She said she wouldn't, saying she wanted her property to go to her children and did not want to give one advantage over the other. He further testified that she called on him again the following week after the execution of the deed and wanted to know what was going on, said she did not want to lose her property and never stated that she had given the deed. No reason appears why she should have desired to give substantially all her property to one child.

On the other hand the deed was prepared by a reputable and careful attorney who testified that Mrs. Veley came to his office with her daughter, and that he drew the deed and witnessed its execution and that he believed her competent. She was a stranger to him and the incident was the ordinary one of strangers calling to have a deed drawn and executed. The court might have found either way on the subject of validity of the deed. The evidence is ample to sustain the finding that it was invalid.

2. The court adjudged that the deed is void, and that the deed and the certificate of title issued thereon be canceled, and that plaintiff has no right to the possession of the property. Plaintiff contends that the court is without jurisdiction to render this decree. The argument is that the court is determining a "counterclaim" of the defendant, and that the heirs of Ella Veley Hamp are indispensable parties to the determination of this "counterclaim." Plaintiff himself, as administrator of the estate of Ella Veley Hamp, brought this action. He had a right to do so under a statute which provides that an administrator "may himself, or jointly with the heirs or devisees, maintain an action for the possession of real estate or to quiet title to the same." G. S. 1913, § 7296. See Wheeler v. McKeon, 137 Minn. 92, 162 N. W. 1070, 1 L.R.A. 1514. He might therefore have joined the heirs, but he was not obliged to do so. In his complaint he set up the deed above mentioned as the source of his title and right of possession, and on the trial he offered it in evidence as the proof of his title. Clearly it was proper for the defendant to meet this proof by showing that the deed was void. This was in no sense proving a counterclaim. On such proof it was proper for the court to adjudge that the deed, on which plaintiff predicated his title and right of possession, was void. He invited a de-

termination of this question, and he cannot now complain that the question has been determined. Quinn v. Minneapolis. T. M. Co. 102 Minn. 256, 113 N. W. 689. The demand in the answer and the determination by the court that the deed and the certificate of title issued thereon be canceled, added but little, and really injected no new issue. Whether this decree is binding on the heirs is a question not now before us for decision.

3. The court found that on March 29, 1920, defendant was appointed administrator of the estate of Anna E. Veley, deceased, by the probate court of Ramsey county; that his appointment was opposed by the sons of Ella Veley Hamp who produced a purported will of Anna E. Veley devising the property in dispute to Ella Veley Hamp; that the probate court disallowed the will and an appeal to the district court was taken and is still pending and undetermined. Plaintiff now contends that until that appeal is determined, defendant cannot maintain his defense.

The appeal suspended the order of the probate court. G. S. 1913, § 7494. If defendant were the aggressor it may be that he would be denied relief as long as the fate of the will, which if valid would deprive him of the property, is undetermined. In such a case, he might with reason be required to establish his title against all adverse instruments of title. 2 Black, Cancelation and Rescission, § 551.

But for substantially the same reason a defendant in possession cannot be ejected by a false claim of title in plaintiff because another claim of title alleged by plaintiff has not been determined. Defendant's "possession is title and is good title against all the world except those who can show a better one." Herrick v. Churchill, 35 Minn. 318, 29 N. W. 129; Rogers v. Clark Iron Co. 104 Minn. 198, 209, 116 N. W. 739.

Judgment affirmed.