### LEIGH C. LAMOREAUX v. ARTHUR M. HIGGINS.[1]

March 5, 1926.

No. 25,122.

Special administrator who prosecutes action to final judgment estopped from claiming judgment is void because he becomes administrator with will annexed while suit is pending.

Where a special administrator brings an action for an accounting and while it is pending becomes administrator with the will annexed and thereafter prosecutes the action to final judgment, he cannot thereafter claim as such administrator that the judgment is void because he had no authority to bring the action as special administrator and was designated as such in all the proceedings therein. Having authority to maintain the action as administrator, he will be deemed to have prosecuted it in that capacity after he became administrator.

Executors and Administrators, 24 C. J. p. 1183 n. 38 New, 44 New. Judgments, 34 C. J. p. 511 n. 46.

Action to redeem from a mortgage foreclosure judgment. The court, Salmon, J., struck out a portion of the answer and ordered judgment for the plaintiff. Judgment was entered and the defendant appealed. Affirmed.

*Leroy Bowen* and *A. M. Higgins,* for appellant.

*James A. Peterson,* for respondent.

[1]Reported in 207 N. W. 639.

TAYLOR, C.

In March, 1922, the probate court of Hennepin county made an order admitting the will of Lowell C. Lamoreaux to probate and appointing Genevra D. Lamoreaux executrix thereof. An appeal was taken from this order to the district court. Thereupon the probate court appointed the appellant as special administrator of the estate. The respondent was the owner of an apartment building in the city of Minneapolis and had executed a deed for an undivided one-half interest therein to Lowell C. Lamoreaux some years before his death. In June, 1923, the appellant as such special administrator brought suit against the respondent for an accounting of the rents and profits received from the building. The respondent interposed an answer, asserting that the deed was executed for money furnished for the erection of the building, and asked that the court decree it to be a mortgage and determine the amount due thereon. The trial began on March 12, 1924, and was completed on April 7, 1924. The trial court filed its decision June 10, 1924, declaring the deed a mortgage and determining the amount due thereon. Appellant made a motion for a new trial and appealed to this court from an order denying his motion. This court affirmed the decision of the trial court. Higgins v. Lamoreaux, 163 Minn. 242, 203 N. W. 961. On the going down of the remittitur, judgment was entered in the district court in accordance with the decision.

Thereafter the respondent duly tendered to the appellant as the representative of the estate the amount due on the mortgage as fixed by the judgment and asked for a satisfaction thereof. The appellant refused to receive the money or execute a satisfaction. Thereupon the respondent brought the present suit in which he set forth the prior proceedings, paid the amount due into court, and asked for a judgment discharging the property from the lien of the mortgage. The appellant answered, admitting the tender, but asserting that the judgment in the former action was wholly void. The court struck out this portion of the answer and directed judgment for respondent. The appellant appealed.

On February 19, 1924, the district court affirmed the order of the probate court admitting the will of Lowell C. Lamoreaux to probate and appointing Genevra D. Lamoreaux executrix thereof. On March 21, 1924, she resigned as executrix and on the same date the appellant was appointed administrator with the will annexed. It does not appear that the executrix ever took charge of the estate or assumed to act as such.

Although the appellant became administrator of the estate with the will annexed while the trial of the former action was in progress, he was designated as special administrator throughout all the proceedings in that action. He now claims, in his capacity as administrator, that the judgment in that action is absolutely void. He asserts, as the grounds for this contention, that a special administrator cannot maintain such an action, and also that he ceased to be special administrator when the district court affirmed the order appointing the executrix.

The statute provides that the power of a special administrator shall cease upon the issuance of letters testamentary or of administration, but actions commenced by him do not abate and may be prosecuted to final judgment by the executor or administrator. G. S. 1923, § 8785. The executrix did nothing. After the appellant became administrator with the will annexed, he prosecuted the former action to a decision on the merits, appealed from that decision to this court, submitted the cause to this court on the merits and, pursuant to the decision of this court rendered at his instance, final judgment has been entered.

If the facts alleged in the complaint in the former action to the effect that the decedent and the respondent were tenants in common of the property; that it was encumbered by mortgages, instalments of which were past due and unpaid; that respondent was financially irresponsible; that he was collecting all the income from the property and appropriating it to his own use; and that he intended to allow the mortgages to be foreclosed, were true, the appellant probably had authority under G. S. 1923, § 8784, to bring that action as special administrator. However this may be, he certainly had

authority under G. S. 1923, §§ 8785, 8786, 8799 and 8819, to maintain the action as administrator with the will annexed. Crane v. Veley, 149 Minn. 84, 182 N. W. 915. Having prosecuted the action to final judgment after he ceased to be special administrator and had become the general administrator, he must be deemed to have done so as such general administrator, as he could then lawfully act in that capacity and in no other. The fact that he neglected to have the official capacity in which he acted, as stated in the title of the action, changed from that of special administrator to that of administrator with the will annexed was, at most, an irregularity and does not affect the validity of the proceedings. Richardson v. Kotek, 123 Minn. 360, 143 N. W. 973. Furthermore the court had jurisdiction of the parties and of the subject matter, and its judgment is not subject to a collateral attack by the appellant. Dun. Dig. §§ 5137, 5145.

The order is affirmed.