## W. J. CLARK v. THEODORE W. QUADE AND OTHERS.[1]

November 23, 1928.

No. 26,830.

**Grantor of deed was mentally incompetent and unduly influenced by his son.**
> The evidence sustains a finding that a father who deeded a farm to his son was mentally incompetent at the time and that he was unduly influenced by his son.

Deeds, 18 C. J. § 551 p. 443 n. 19; § 552 p. 445 n. 34.

Defendants appealed from a judgment of the district court for Cottonwood county, Nelson, J. Affirmed.

*Eli R. Lund, Farmer & Tighe* and *Charles B. Elliott,* for appellants.

*Somsen, Dempsey & Flor* and *Finstad & Juhnke,* for respondent.

DIBELL, J.
Action by the plaintiff, as guardian of Fred Quade, to set aside a conveyance of 240 acres of land in Pipestone county made by Fred Quade to his son Theodore W. Quade on September 24, 1925. On

[1]Reported in 221 N. W. 907.

April 2, 1927, after the commencement of this action, Theodore conveyed the land to C. E. Perkins. At the same time Perkins mortgaged to the defendant Dickman for $15,000. There were findings for the plaintiff and judgment setting aside the conveyances and mortgage and adjudging Fred Quade to be the owner of the land. The defendants appeal from the judgment.

The court found that on September 24, 1925, Fred Quade was practically blind; that he was very deaf; that he had hardening of the arteries and was afflicted with senile dementia; that he was mentally incompetent; that he was easily influenced; that when the deed was executed he did not understand the nature or purpose of the transaction; that he did not intend to make a gift of the land to his son; that there was no consideration for the deed; and that Theodore unduly influenced its making.

These findings are sustained by the evidence. It is unnecessary to detail it. In addition Theodore soon thereafter obtained from his father without consideration money or personal property of the value of $8,000. The land was worth $24,000. The transaction was unusual. The deed was an unreasonable disposition of the father's property and was made under unusual circumstances. The defendant Perkins was not an innocent purchaser. Neither was Dickman an innocent mortgagee. Each knew when he parted with his money, conceding that he did, that he was buying into a lawsuit. They both appealed, but it is conceded that they have no superior right as innocent grantees.

The evidence made a fact issue. No criticism can be made upon the conclusion reached by the trial court. Its ultimate finding was one naturally to be expected. We note the following cases as illustrative: Ewert v. Chirpich, 169 Minn. 386, 211 N. W. 306; Trost v. Brey, 156 Minn. 242, 194 N. W. 617; Merchants Tr. & Sav. Bank v. Schudel, 141 Minn. 250, 169 N. W. 795; Wheeler v. McKeon, 137 Minn. 92, 162 N. W. 1070, 1 A. L. R. 1514; Bauman v. Krieg, 133 Minn. 196, 158 N. W. 40; Wortz v. Wortz, 128 Minn. 251, 150 N. W. 809; 6 Dunnell, Minn. Dig. (2 ed.) §§ 9949-9952.

Judgment affirmed.