CAROLINE MACKLETT v. HERBERT M. TEMPLE AND OTHERS.[1]

December 26, 1941.

No. 32,847.

[1]Reported in 1 N. W. (2d) 415.

435

*Charles A. Lethert,* for appellant.

*Doherty, Rumble, Butler, Sullivan & Mitchell,* for respondents.

GALLAGHER, CHIEF JUSTICE.

In an action to set aside a warranty deed dated December 9, 1932, from plaintiff, Caroline Macklett, to Frank W. Hurty and Clara M. Hurty, his wife, as joint tenants, and an executor's deed dated November 28, 1939, from Herbert M. Temple, as executor of the estate of Frank W. Hurty, deceased, to Hurty Realty Company, and to adjudge plaintiff the owner of lot one, block ten, except the northerly 26 feet thereof, Bazil & Guerin's. Addition to St. Paul, Minnesota, findings were made favorable to defendants. There was no motion for amended findings or for a new trial. Plaintiff appeals from the judgment.

Clara M. Hurty was the daughter of plaintiff. She died May 12, 1936. Her husband, Frank W. Hurty, who died May 21, 1939, was survived by June Jacquith Johnson, Gilbert Hurty, Mrs. Almus Vinton, Albert Austin, and Jane Austin McDowell, nephews and nieces and defendants in this action. They are also beneficiaries under Mr. Hurty's will.

Plaintiff was 96 years old at the time of the trial in May 1940. She acquired the real estate here involved in 1901 and mortgaged it on October 14, 1927, to defendant Investment Service Company for $18,000. Its demurrer to the complaint was sustained by the trial court, so it is out of the case. The mortgage was thereafter assigned by the company to Mary M. Cole and was reduced by $2,500 in 1931 by the application of proceeds from a condemnation proceeding to widen a street adjacent to the property covered by the mortgage.

In July 1932, Mrs. Cole's attorney, Ira C. Oehler, wrote plaintiff that the mortgage would become due November 1, 1932, and that Mrs. Cole wanted it paid at that time. The mortgage being in default on November 30, 1932, foreclosure proceedings were instituted. On December 9, 1932, following conversations between himself and plaintiff, Mr. Oehler wired Frank W. Hurty, who was then in California, as follows:

"MRS. M OFFERS TO DEED NINTH STREET PROPERTY TO YOU TO END FORECLOSURE PROCEEDINGS CAN STOP FORECLOSURE IF YOU TELL US TO ACCEPT DEED AND IF YOU WILL PAY INTEREST AND ABOUT EIGHT HUNDRED DOLLARS CURRENT TAXES AND ON YOUR RETURN TO ST. PAUL REDUCE MORTGAGE TO SAY TEN THOUSAND DOLLARS PLEASE WIRE INSTRUCTIONS."

Hurty replied by wire the same day as follows:

"WE ACCEPT YOUR PROPOSITION HAD [HAVE] DEED MADE TO US JOINTLY."

This wire was later confirmed by letter. Upon receipt of Hurty's wire on December 9, Mr. Oehler and Miss Lee, an employe in his office, called at plaintiff's home and procured the warranty deed here involved. It was acknowledged by Miss Lee and witnessed by her and John J. Boyle, Mr. Oehler's secretary. It appears that Mr. Boyle was not at plaintiff's home when the deed was executed but signed as a witness when the instrument was taken to the office. Upon Mr. Hurty's return from California in the spring of 1933, he paid $800 taxes against the property and reduced the mortgage to $10,000. Thereafter he made principal and interest payments until 1936, when the mortgage was paid in full. After Hurty's death, defendant Herbert M. Temple as executor of his estate, by virtue of authority contained in Hurty's will, conveyed the property to defendant Hurty Realty Company. The validity of that transfer depends upon the validity of the transfer from plaintiff to Hurty.

Plaintiff alleges in her complaint:

"* * * and that, if said instrument alleged to be a warranty deed bears the signature of the plaintiff, the said signature was obtained through misrepresentation, duress, or unlawful persuasion and undue influence, whether intentionally or unintentionally, without plaintiff having been fully informed or advised as to the import and contents of said instrument, without comprehending its nature and meaning, and contrary to her will and intention to convey, and at a time when plaintiff was not of a free, clear and disposing mind, memory and understanding; and that plaintiff never personally, or through her agent or attorney, made delivery of said deed to the said Frank W. Hurty and Clara M. Hurty, his wife, or either of them."

In short, plaintiff bases her right to have the deed from her to the Hurtys set aside on the grounds of fraud, lack of mental capacity, duress, and undue influence exercised over her. There was no specific charge as to who applied the duress or exercised the undue influence. That seems to be left to inference.

The trial court found that plaintiff executed and delivered the deed for a valuable and adequate consideration. It also found that the allegations of the complaint with reference to plaintiff's lack of mental capacity and the exercise of duress or undue influence over her were not sustained by the evidence. The conclusions were that plaintiff had no right, title, or interest in the property and that defendants were entitled to judgment against plaintiff for their costs and disbursements.

The only question presented is whether the findings are sustained by the evidence. We believe they are. A deed duly witnessed and acknowledged is proof that whatever title the grantor had and purported to convey vests in the grantee upon the delivery of the deed without any further testimony as to the mental condition of the grantor. 2 Dunnell, Dig. § 2657a. In the absence of fraud or undue influence, mere weakness of intellect resulting from old age or sickness is not a ground for setting aside an executed instrument. Trimbo v. Trimbo, 47 Minn. 389, 50

N. W. 350. The rule as to the measure of the grantor's capacity to execute an instrument is simply that he must have enough to understand in a reasonable manner the nature and effect of what he is doing. Trimbo v. Trimbo, *supra;* Graham v. Graham, 84 Minn. 325, 87 N. W. 923; Butler v. Badger, 128 Minn. 99, 150 N. W. 233; Shaughnessy v. Shaughnessy, 135 Minn. 262, 160 N. W. 769; Trost v. Brey, 156 Minn. 242, 194 N. W. 617. One who seeks to set aside a deed has the burden of proving the facts justifying it. McEleney v. Donovan, 119 Minn. 294, 138 N. W. 306. Aside from the question of age, there was very little in this case from which the trial court could have found that plaintiff lacked sufficient mental capacity to execute the deed in question.

There is no direct evidence in the case to sustain the charge of fraud, duress, or undue influence and very little evidence from which such inferences could be drawn. While plaintiff denies that she signed the deed, she admits that Mr. Oehler and Miss Lee called at her home in December 1932 and that she signed a paper at that time. Her explanation is that Mr. Oehler said "he had come to get my signature for Mr. Hurty," who was at that time taking care of her property. She described the paper as "about the size of my hand" and claimed that there was no writing on it. Aside from this, there was no testimony to the effect that Mr. Oehler or anyone else made any statements or representations tending to induce plaintiff to sign the deed. The trial court was not required to believe plaintiff's testimony that she did not execute or deliver it. She denied signing two instruments which unquestionably bore her signature. Testimony of hers given at a supplementary proceeding in 1935 was introduced in evidence in which she stated that she did not own the property, having turned it over to her son-in-law. The court took the charitable view that plaintiff forgot she had signed the instruments.

Generally speaking, duress may be said to exist whenever one, by the unlawful act of another, is induced to make a contract or to perform some other act under circumstances which deprive him of the exercise of free will. 17 Am. Jur., Duress and Undue In-

fluence, § 2; State ex rel. Young v. Ladeen, 104 Minn. 252, 255, 116 N. W. 486, 16 L.R.A.(N.S.) 1058; First State Bank v. Federal Reserve Bank, 174 Minn. 535, 219 N. W. 908, 61 A. L. R. 467.

Undue influence invalidates a deed where it operates to deprive one of his free agency by substituting for his will that of another. 17 Am. Jur., Duress and Undue Influence, § 33; Howard v. Farr, 115 Minn. 86, 92, 131 N. W. 1071; Thill v. Freiermuth, 132 Minn. 242, 156 N. W. 260.

We find nothing in the record to compel a finding of fraud, duress, or undue influence, nor do we believe that such a finding could be sustained if made by the trial court.

There was ample testimony to support the finding that the deed was executed by plaintiff to the Hurtys "for a valuable and adequate consideration."

The judgment appealed from is affirmed.