The PENN MUTUAL LIFE INSURANCE COMPANY, a Pennsylvania Corporation, Plaintiff,

v.

Robert L. UTNE, Defendant.

Civ. No. 3–61–198.

United States District Court
D. Minnesota,
Third Division.

Aug. 15, 1962.

Briggs and Morgan, and Burt E. Swanson, St. Paul, Minn., for plaintiff.

John S. Connolly, St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This a non-jury diversity action to recover amounts allegedly due and owing plaintiff on five promissory notes executed by defendant. The substantive law of Minnesota controls disposition.

Plaintiff is The Penn Mutual Life Insurance Company, a Pennsylvania corporation. Defendant is a citizen of Minnesota. The complaint alleges that while defendant was a general agent of plaintiff, the plaintiff made several loans of money totaling $20,500.00 to defendant in return for which defendant made, executed and delivered to plaintiff five promissory notes. During the continuance of his general agency and up to the

termination of his agency contract on November 30, 1957, defendant made payments of accrued interest and principal on said notes by personal checks drawn payable to plaintiff and in this manner reduced the unpaid principal balance due on said notes to $17,470.77. Subsequent to November 30, 1957, plaintiff applied the commissions and fees, which would have otherwise been due defendant, in payment of the accrued interest on said notes up to September 1, 1959, and the remainder of said commissions and fees was applied in reduction of the unpaid principal. On October 1, 1961, the unpaid principal balance due on said notes amounted to $12,168.32, and the accrued interest on the declining balances of the notes at the rate therein provided from September 1, 1959 to October 1, 1961, amounted to $1,314.41. Accordingly, as of October 1, 1961, the total amount of principal and interest due and owing on said notes was $13,482.73.

It is further alleged that although demand has been duly made upon defendant, no further amounts have been paid on said notes either by way of principal or interest, and defendant owes plaintiff the amount of said notes and interest as set forth above, together with interest on the principal balance of said notes from October 1, 1961, up to the time of commencement of this action.

Defendant by his answer denies the allegations of the complaint and asserts the defense of failure of consideration. Defendant alleges that the notes sued on by plaintiff were executed by defendant without any consideration whatever.

Plaintiff's Exhibit 1 was received in evidence without objection and consists of the complaint together with copies of the five notes which are the subject of this suit.[1] Defendant admitted the execution and delivery to plaintiff of these instruments, all of which were executed

---

1. The instruments in question, except for the sums expressed therein and the dates of execution, are identical to each other. The first note attached to the complaint, and identified as Exhibit A, provides as follows:

"Dated at St. Paul, Minnesota
"the 8th day of January 1954
"$12,000.00
"ON DEMAND I promise to pay to The Penn Mutual Life Insurance Company at its Home Office in Philadelphia, Pennsyl-

in St. Paul, Minnesota. The aggregate of the amounts expressed in the instruments is $20,500.00.

Plaintiff's Exhibits 8 to 11 inclusive, which were received in evidence without objection, are checks from plaintiff made payable to the order of defendant for the identical amounts expressed in four of the instruments in Exhibit 1. The aggregate of these checks, each of which is endorsed by defendant, totals $8,500.00. Defendant admits receiving said checks in connection with the said four instruments in plaintiff's Exhibit 1 and endorsing same as general agent of plaintiff. The remaining note in plaintiff's Exhibit 1 is dated January 8, 1954 and is in the amount of $12,000.00. Defendant, in his deposition and later at the trial, admitted receiving $12,000.00 on or about January 8, 1954 in connection with said note. Defendant was unable to recall whether payment was made by check or by a transfer of this amount to the general

agency account at the time he took over as general agent.

█ The five instruments in plaintiff's Exhibit 1, which defendant admits executing and delivering, do not contain terms of negotiability, such as the words "or order," "or bearer" and consequently are not negotiable instruments under the law of Minnesota.[2] Nevertheless, each of these instruments contains a promise to pay and admits the receipt of a stated sum of money as consideration for the promise. The instruments are, therefore, good as ordinary contracts between the parties thereto, and the introduction of them on the trial is prima facie evidence of consideration which, in the absence of evidence to the contrary, entitles plaintiff to recover.[3] Defendant has asserted the affirmative defense of failure of consideration.[4] Plaintiff contends that the defendant has failed through any effective means to successfully show a failure or lack of consideration which

---

vania, Twelve Thousand Dollars ($12,-000.00), and interest thereon at the rate of Five Per Cent (5%) per annum payable monthly on the first day of each month, the first of such interest payments to be due February 1, 1954, in consideration of receiving from it an advance of Twelve Thousand Dollars ($12,000.00) against all first year commissions under my contract with it dated January 1, 1954, the receipt of which advance I hereby acknowledge.

"I hereby assign to The Penn Mutual Life Insurance Company as collateral security for such indebtedness and interest thereon (1) all my right, title, and interest in any and all commissions, both first and renewal, now accrued or which shall hereafter accrue under the above mentioned contract and under any other contract or agreement, oral or written, which I have heretofore entered into with it; (2) any and all sums now due or that may hereafter become due to me from any soliciting agents who have been, now are, or shall hereafter be under contract with me; and (3) any and all other sums now due or which may become due to me as General Agent for The Penn Mutual Life Insurance Company.

"I hereby for myself, my executors, administrators and assigns, authorize and empower The Penn Mutual Life Insurance Company to apply all such commissions,

agents' accounts and other sums herein assigned in reduction of the above mentioned indebtedness and interest thereon any unpaid balance thereof to be an acknowledged indebtedness due by me or my executors, administrators, and assigns to The Penn Mutual Life Insurance Company its successors and assigns.

"It is understood and agreed that upon payment of the above mentioned indebtedness and interest thereon, my interest in commissions, agents' accounts and other sums herein assigned shall become as fully my property as though this note and agreement had never been made.

"WITNESS MY HAND AND SEAL the day and year first above written.
"WITNESSES PRESENT:
"Clarence C. Nicholson
　　　　"Robert L. Utne (SEAL)"

2. M.S.A. § 335.02(4) ; This section is identical with the provisions of section 1 of the Uniform Negotiable Instruments Act.
　　See 5 Uniform Laws Annotated; 7 Am. Jur., Bills and Notes, Sec. 78.

3. 2 Dunnell's Digest 3d Ed. Sec. 1769; Frank v. Irgens, 27 Minn. 43, 6 N.W. 380 ; Elmquist v. Markoe, 39 Minn. 494, 40 N.W. 825 ; Maddy v. National Life Ins. Co., 156 Minn. 375, 194 N.W. 880.

4. Rule 8(c) Federal Rules of Civil Procedure, 28 U.S.C.A.

it was defendant's burden to establish as the pleader of an affirmative defense.

The evidence discloses that defendant first became associated with plaintiff on July 1, 1940 at which time he was employed as a supervisor in charge of plaintiff's office at St. Paul, Minnesota. He continued in this capacity until June or July of 1942 when he entered the military service. On January 1, 1946, after his release from the service, defendant rejoined plaintiff in the capacity of manager of the office at St. Paul. This office had by that time become a separate agency. On December 30, 1953, defendant executed a general agency contract with plaintiff which took effect January 1, 1954.[5] This association continued until defendant involuntarily terminated it on November 30, 1957. The instruments in question were executed between January 8, 1954 and November 2, 1955. Defendant is well characterized by plaintiff's brief wherein he is described as a capable and intelligent businessman with considerable experience in the insurance field.

■ Defendant contends that although parol evidence cannot be used to vary or contradict a written contract, it can be offered to show that no consideration passed to defendant.[6] This is the rule in Minnesota[7] and a review of the evidence in this connection is entirely appropriate.

Defendant attempts to establish failure of consideration upon the grounds that he did not directly receive the amounts referred to in the notes, but that the checks issued pursuant thereto were endorsed by defendant for deposit only to the general agency account. Defendant testified that said account was set up, pursuant to the order of plaintiff's auditor, solely for the purpose of advancing money to agents and that the money was never used personally by defendant.

On the other hand, the evidence discloses that defendant was in charge of the agency in St. Paul and that plaintiff had no agents working in St. Paul who did not report to defendant; that any money advanced by defendant to an agent was returnable to defendant. It was further shown that defendant did not receive a salary from plaintiff but received compensation in the form of commissions derived from the business written by the agents under his supervision. In accordance with the agreements set forth in the five instruments, payments of the sums advanced to defendant were made to plaintiff out of defendant's commissions.

■ It cannot be said that defendant did not receive consideration for the instruments in question where, as here, defendant received, either by check or otherwise, the amounts expressed in said instruments which he in turn deposited in an agency account for the purpose of advancing money to agents in whom he had a direct financial interest. Although defendant's case has been well presented, there is no substantial evidence to support a defense of failure of consideration. Nor has there been a showing of fraud or duress or any other valid defense to the instruments in question.

■ Although defendant expressed disagreement with the balance of principal and interest claimed by plaintiff to be due and owing on the said instruments, no evidence was presented to vary plaintiff's accounting in this regard. Therefore, plaintiff is entitled to the amounts due on the instruments as prayed for in the complaint.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

It is so ordered.

Defendant is allowed an exception.

---

5. Plaintiff's Exhibit 2.

6. Defendant cites: Strickland v. Hetherington, Okla., 353 P.2d 138.

7. Morrison v. Johnson, 148 Minn. 343, 181 N.W. 945; Trost v. Brey, 156 Minn. 242, 194 N.W. 617; Hogan v. Church of St. Anne of LeSueur, 237 Minn. 52, 53 N.W.2d 449.