(Opinion published 52 N. W. Rep. 272.)

WALTER S. COX *vs.* ALLEN MANVEL *et al.*

Argued May 4, 1892.   Decided May 24, 1892.

Guardian's Power of Attorney in Blank.

> A guardian was authorized, by order of court, to appoint an attorney to convey land of the ward, and executed a blank power, no person being named as attorney; and another person, the guardian not knowing of and taking no part in selecting an attorney, inserted a name in the blank left for the name of the attorney.   *Held*, that the instrument was not valid as a power of attorney.

Appeal by plaintiff, Walter S. Cox, from an order of the District Court of Clay county, *Mills*, J., made September 21, 1891, denying his motion for a new trial.

This was an action under 1878 G. S. ch. 75, § 2, to determine adverse claims to lands in the Village of Barnesville, Minn.   The plaintiff is the only child and heir of Henry S. Cox, deceased.   The father was a private soldier in Illinois Volunteers in the war of the Rebellion. He served over two years, and was honorably discharged.   On October 29, 1872, he made a homestead entry on eighty acres of public land at Brownsville, Nebraska, and died at Tecumseh, in Johnson county in that state, in November following.   The Commissioner of the U. S. General Land Office on June 8, 1881, issued to the son a certificate reciting that he was entitled to an additional homestead entry of eighty acres under U. S. Rev. Stat. § 2306.   The county court of Johnson county, Nebraska, in October, 1880, appointed the widow guardian of the son, and authorized her to sell the son's right to such additional homestead, and to appoint some person to select, locate, and enter such additional land, upon any public land not other-

wise appropriated.    That Court further authorized her, as such guardian, to sell such land  when located, and  to  appoint an attorney to make such entry and to sell and convey the land that might be entered.

Under this license she on  July 11, 1881, sold the right, and executed a power of attorney to enter, sell, and convey the land, and receive the price.    The name of the attorney was not inserted in the instrument, but was left blank.    Defendant Allen Manvel bought of one Robert Miller the son's right, and under it, in September, 1881, entered the land in dispute.    He at the same time caused his name to be inserted in the blank in the power of attorney, and had it recorded in Clay county Registry of Deeds, and·sold and conveyed the land on November 8, 1882, in the name of the guardian, to C. O. Wheeler; who on April 8, 1889, sold and conveyed it to defendant Manvel.    The patent for the land bears date December 15, 1883, and grants the land to the plaintiff, Walter S. Cox, minor orphan child of Henry S. Cox, deceased.

The action was tried by the Court without a jury.    Judgment was ordered for defendant  Manvel, and the plaintiff moved for a new trial, and being denied, appealed.

*Haynes & Chase, C. J. Cahaley*, and *A. C. Brown*, for appellants.

The power is void for inserting Manvel's name in the instrument without either verbal or written authority to do so.    *Wunderlin* v. *Cadogan*, 50 Cal. 613; *Bland* v. *O'Hagan*, 64 N. C. 471; *McCown* v. *Wheeler*, 20 Tex. 373; *Chase* v. *Palmer*, 29 Ill. 306; *Adamson* v. *Hartman*, 40 Ark. 58; *Whitaker* v. *Miller*, 83 Ill. 381; *Drury* v. *Foster*, 2 Wall. 24.

Without a valid power of attorney the record of the deed is not evidence for any purpose.    *Lowry* v. *Harris*, 12 Minn. 255, (Gil. 166;)  *Lamberton* v. *Windom*, 18 Minn. 506, (Gil. 455.)

*Davis, Kellogg & Severance, Clapp & Macartney*, and *M. D. Grover*, for respondent.

Allen Manvel purchased the certificate and the blank power of attorney of one Robert Miller of Fergus Falls.    Miller was a  real es-

tate dealer and a dealer in scrip. He took the papers to the land office at Crookston, and the receiver or register of the land office wrote into the power of attorney Manvel's name, and a description of the real estate on which this soldier's additional was filed. This was in fact a sale of the entire beneficial interest in and to this scrip and the rights of Walter Cox thereunder. The plaintiff cannot affirm a part of this power of attorney and disaffirm the remainder of it. These soldiers' additional homestead rights are assignable, and the title to this property passed, on the sale by the guardian of the plaintiff, to Manvel; and the power of attorney, and what may have been done under it, cuts no figure in the case. *Johnson* v. *Towsley,* 13 Wall. 72; *Watterson* v. *Kirkwood,* 8 Kan. 463; *Pence* v. *Arbuckle,* 22 Minn. 421.

Counsel insist that this doctrine applies only in a case where it is proven that there was parol authority to authorize the insertion of the name of the grantee, but we submit that a general course of business with reference to a particular clause or instrument, as where they are put upon the market with the names of the grantees and beneficiaries left blank, with the knowledge that the beneficiary must, and will, before exercising the rights granted under the instruments, insert his name, is equivalent, if not superior, to a mere parol authority.

GILFILLAN, C. J. Whether the soldier homesteader's right to an additional entry given by section 2306 of the Revised Statutes of the United States be assignable or unassignable, whether it be, before location, in the nature of real estate or personal property, is immaterial in this case; for the evidence fails to show that either the right or the land secured by its exercise was ever assigned so as to pass to any one other than the person to whom the right accrued. The right here involved accrued to plaintiff as the minor child of his father, a soldier homesteader. Diantha M. Alder was appointed his guardian by the county judge of Johnson county, Neb., who made an order authorizing and directing her to employ some suitable, competent, and trustworthy person to select and locate such additional lands, and

sell and dispose of them, (after they have been located,) and directing her to execute to such agent a power of attorney to sell and dispose of the lands.  She could not delegate to another the power to select and appoint such agent, and the paper signed and sealed by her, and claimed to be the power of attorney authorized by the order, was in blank as to the name of the attorney, so that when it passed out of her hands it was of no effect.  The blank was afterwards filled by some other person by inserting the name of the defendant Manvel.  In selecting and naming him as the attorney the guardian had no part, so that the paper was of no more validity after than it was before the name was inserted.  There was then no authority in Manvel to convey the land.

If we are to treat the right to enter the additional lands as personal property, and the transaction as an attempt by the guardian to assign it as personal property, then we confront the order of the county judge who appointed the guardian, and who must be assumed to have had the direction and control of her in the discharge of her duties as guardian, which in effect prohibited her assigning the right, or doing anything with it except to cause the land to be selected and located under it, and then to be sold.  The instrument was therefore equally void whether it was an attempt to appoint an attorney or to assign the right to make the entry.

The plaintiff did not, by accepting the conveyance from the government, made upon the unauthorized entry by Manvel, ratify his unauthorized act in assuming to convey the land.  Whether such entry should be regarded as sufficient to entitle plaintiff to a patent was a matter between him and the government alone.  He might perhaps have asked to have the entry vacated, and to be permitted to make a new one.  As no one but he and the government had any interest to be affected by his consenting to receive the patent under the location, no one could complain of his so doing.

There is no element of estoppel in the case such as there was in *Pence* v. *Arbuckle*, 22 Minn. 417.  The guardian could not estop her ward by setting afloat the blank paper claimed as a power, nor could she affect him by the receipt of money in an unauthorized transac-

tion.    Those who deal with a guardian must, in order to hold the
ward, see to it that the guardian has authority to do the act.

 Order reversed.

(Opinion published 52 N. W. Rep. 273.)