ROBERT J. WHITLA AND DAWSON K. ELLIOTT V. THE
ESTATE OF MILTON H. BUTLER.

[See 87 Mich. 248; 98 Id. 381.]

*Partnership—Power of partner to bind firm.*

1. Where the testimony is conflicting as to whether certain claims
   filed against the estate of a deceased partner are valid demands
   against the partnership or against one of the surviving partners
   only, the question should be submitted to the jury.

2. The managing member of a firm which succeeded to the busi-
   ness of one of the partners was authorized by the articles of
   partnership to apply the proceeds realized from the prosecu-
   tion of the new business, in part, in payment of such portion
   of the outstanding, unsecured indebtedness of said partner as
   might be settled or compromised by him or by him and said
   managing member, and as said managing member might con-
   sider it in the interest of the firm business or of said partner
   to pay. And it is held that, if this provision authorized the
   managing member to bind his copartners by the purchase of
   such outstanding indebtedness, it was only when he considered
   it necessary and chose to do so, and only by way of pay-
   ment from the proceeds realized from said business; and that he
   was not authorized to give the firm paper, or bind the firm
   by giving his own notes, for such a purpose.

Error to Macomb.  (Canfield, J.)  Argued January 5,
1894.  Decided February 12, 1894.

Appeal from the disallowance of a claim against the
estate of decedent.  Claimants bring error.  Affirmed.  The
facts are stated in the opinion, and in 87 Mich. 248.

*George B. Sheehy (James H. McDonald,* of counsel), for
appellants.

*Charles K. Latham,* for defendant.

HOOKER, J.  One Gauthier, a dealer in fish, found him-

self financially embarrassed, and made an arrangement with Roberts, Butler, and Warner whereby the business was to be continued under charge of Gauthier, but under the general management and control of Roberts. The arrangement was put in writing, and has been before this Court in the case of *Purvis v. Butler*, 87 Mich. 248, where the writing was held to be a partnership agreement. On the same day that this writing was executed, but later, the following undertaking by Roberts was signed, viz.:

"DETROIT, February 8, 1889.

"In consideration of the execution and delivery of a certain contract, bearing even date herewith, by and between Charles W. Gauthier, Milton H. Butler, Ephraim K. Roberts, and Carlos E. Warner, whereby the management of the fishery business of said Gauthier is turned over to me, upon certain terms and conditions in said agreement specified, for the period of four years from the date hereof, I, the said Ephraim K. Roberts, do hereby undertake and agree to and with the said Gauthier to aid him in the settlement and adjustment of his outstanding, unsecured indebtedness, as the same can be arranged to the best advantage, and for that purpose to indorse the paper of the said Gauthier to an extent not exceeding $20,000, payable on one, two, and three years from date, as the same can be arranged to the best advantage.

"In witness whereof, I have hereunto set my hand, the day and year above written.

"The above not to include indebtedness to L. Dubois.
[Signed]     "E. K. ROBERTS."

Roberts testified that this was done under a promise to Gauthier, who refused to consent to the arrangement heretofore mentioned unless his old indebtedness could be fixed up, and, as Butler refused to have anything to do with the old indebtedness, Roberts did so. At this time, claimants, who did business in Winnipeg, were the owners of a judgment against Gauthier. Roberts went to Winnipeg, and obtained from them an assignment of their judgment to himself, giving them his personal notes for $1,775.47 and $946.20, respectively, indorsed by Gauthier, by one

Overton, attorney.    The notes not being paid, were filed as claims against the estate of Butler, upon the theory that they were valid against the partnership, of which, under the decision of *Purvis v. Butler*, the latter was a member. The claim was disallowed upon appeal to the circuit court, and claimants bring the case here.

The first contention is that the court should have instructed the jury that the notes were association contracts, and that the estate of Butler was liable upon them. Evidence is quoted to show this, but there also appears to be evidence tending to show that claimants were told by Roberts that he had no authority to give the indorsement of Butler in any way, and that he (Roberts) was doing it individually.    We think, therefore, that it was for the jury to determine the nature of the contract, and whether claimants had established a right of action against the partnership, upon which they claim Butler's liability depended.

The court instructed the jury, in substance, that, before Warner and Butler could be made liable, it must appear:

1. That the notes were given by Roberts, and accepted by claimants, with the intention that all of the parties mentioned should be bound.

2. That such an arrangement was within the scope of the business contemplated by the contract.

Counsel contend that the jury should not have been permitted to decide the last point:

1. Because Roberts was manager, and entitled to decide it.

2. Because he did decide that it was necessary that the judgment should be gotten out of the way.

3. Because Butler's consent was directly given to the adjustment of the claim, and Roberts' acts were subsequently approved by him.

We are cited to subdivision 6 of section 8 of the contract in support of the proposition that Roberts was entitled to settle this question.    Section 8 is as follows:

8. "The proceeds realized from the carrying on of the said fishery business shall be applied by said Roberts as follows, and in the following order:        *        *        *        *

"*Sixth*. To pay such part of the outstanding, unsecured indebtedness of said Gauthier as may be settled or compromised by said Gauthier or said Gauthier and Roberts, and as said Roberts may consider it in the interest of the business or said Gauthier to pay."

If this provision authorized Roberts to bind his co-contractors by the purchase of outstanding indebtedness of Gauthier, it was only when he considered it necessary and chose to do so, and only by way of payment from the proceeds realized by the fishery business; and the court might have safely told the jury that he was not thereby authorized to give the company paper, or bind it by giving his own, for such a purpose. To say that the company was liable because Roberts did decide that it was necessary to get this judgment, or because Butler consented to and approved it, is to beg the question in dispute, viz., whether Roberts could and attempted to bind Butler. This instruction did no injury to the claimants.

Several questions arising upon the introduction of evidence are referred to in the brief. We have examined them all, and find no error.

The judgment will be affirmed.

The other Justices concurred.