AMELIA MORATZKY v. CARL WIRTH.[1]

December 28, 1896.

Nos. 10,180—(157).

**Malpractice—Question for Jury.**

This action was brought to recover damages which the plaintiff claims she sustained by the defendant's malpractice, while attending her as a physician during her illness due to a miscarriage, in not seasonably discovering and removing a remnant of the placenta. Evidence considered, and *held*, that the question of the defendant's negligence in the premises was one for the jury, and that the trial court erred in dismissing the action.

Appeal by plaintiff from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Reversed.

*N. B. Ferguson, Norman Fetter,* and *James E. Trask,* for appellant.

*Humphrey Barton,* for respondent.

START, C. J. The defendant is a physician, and this action is brought to recover damages which the plaintiff claims that she sustained by his malpractice while attending her as her physician. At the close of the plaintiff's case, the trial court dismissed the action, and she appealed from an order denying her motion for a new trial.

We have reached the conclusion, after a careful consideration of the evidence, that the case should have been submitted to the jury. As there must be a new trial, we deem it advisable to refrain from any extended discussion of the evidence, lest we may thereby prejudice the prosecution or defense of the action on the new trial.

The claim of the plaintiff was, substantially, that on the night of October 29, 1891, she was delivered of a five-months old fœtus, and that the defendant from this date until November 20, 1891, was her sole attending physician. On the morning after her delivery, the defendant removed the placenta, but, as plaintiff claimed, he failed to remove the whole of it, and negligently permitted a piece of it, one by two inches long and two-thirds of an inch thick, to remain,

[1] Reported in 69 N. W. 480.

which putrified, whereby blood poisoning and a septic condition of the plaintiff was produced, which greatly increased, intensified, and prolonged her ordinary illness; that the effect of the blood poisoning resulting from the decaying placenta in the body of the plaintiff was to permanently weaken and impair her physical condition, and to cause gangrene in her left leg, which was cut off to save her life. As to the physical condition of the plaintiff at the end of three weeks after her delivery, when another physician was called, there is no dispute. She was then in a very weak, depressed, and somewhat septic condition. Her leg was a blue black, swollen, and in a gangrene condition, and was cut off to save her life. The second physician, on his first visit to plaintiff, found and removed from the mouth of the womb a piece of afterbirth, of the size stated, which was then in a decayed and sloughing condition.

The reasons urged on behalf of the defendant in justification of the order of the trial court in dismissing the action are, briefly stated: (a) That there was no evidence that the blood poisoning commenced after the defendant was called to treat the plaintiff; (b) that there was no evidence that she would not have lost her leg if the defendant had removed the whole of the afterbirth; (c) that his failure so to remove it was not negligence.

It is clear that neither of the two first propositions are justified by the evidence; but assuming, without so deciding, that they are, yet the evidence is practically plenary that the failure to remove the afterbirth materially aggravated and increased the blood poisoning, and prolonged and intensified the plaintiff's pain and sickness. Such being the case, if the defendant was negligent in not removing the placenta, the plaintiff was entitled to damages in some amount, and the case should have been submitted to the jury.

This leaves only the question whether the evidence as to the defendant's alleged negligence in the premises made a case for the jury. Unexplained, the evidence was sufficient to justify the conclusion that the defendant, in the exercise of that degree of care and skill which the law exacts of a physician, might and ought to have seasonably discovered and removed the remnant of the afterbirth.

Order reversed, and a new trial granted.