BERTINA M. PARDOE v. DANIEL MERRITT and Others.

December 20, 1898.

Nos. 11,242—(113).

**Guardian and Ward—Sale of Personalty—Presumption as to Law of Another State.**

> It is the American common-law doctrine that a general statutory guardian may sell the personal estate of his ward without an order of the court appointing him; therefore the courts of this state will, in the absence of evidence of a statute to the contrary, presume that by the laws of a sister state such a guardian is authorized so to sell his ward's personal property.

**Soldier's Additional Homestead—Sale of Right by Guardian.**

> The right to enter a soldier's additional homestead, given by R. S. (U. S.) § 2307, is personal property, and may be sold as such by the general guardian, where such right is owned by his ward.

**Same—Blank Power of Attorney—Cox v. Manvel Distinguished.**

> The plaintiff, when a minor, owned such a right of entry, and her guardian sold it for value, and, to make the sale effectual, there was inserted in the written assignment of the right an irrevocable power of attorney to make the entry, and to convey the land to be entered, for the sole benefit of the person owning the right, but the name of the attorney was left blank in the assignment, with the intent that any assignee of the right might fill the blank. An assignee of the right inserted in the assignment the name of his attorney, who made the entry in the name of the plaintiff, and then conveyed the land as such attorney to such assignee. *Held*, distinguishing Cox v. Manvel, 50 Minn. 87, that the power was valid, and that the grantees of such assignee are the actual owners of the land so located.

**Findings Sustained by Evidence.**

> *Held*, that the evidence sustains the findings of fact by the trial court.

From an order denying plaintiff's motion to amend the findings, and from a judgment in favor of defendants, entered in the district court for St. Louis county in pursuance of an order of Moer, J., plaintiff appealed. Affirmed.

*H. H. Hoyt*, for appellant.

*Keyes & Baldwin*, for respondents.

START, C. J.

The short facts of this case, as found by the trial court, are these: The plaintiff, then Bertina M. Webb,—a minor, and the surviving child of Alfred P. Webb, deceased, who was an honorably discharged soldier of the Union army,—was on July 27, 1881, by reason of her mother's remarriage, entitled to an additional homestead entry, of not exceeding 80 acres, as provided by R. S. (U. S.) § 2306. On that day her mother, then Ellen J. Lawson, was duly appointed her guardian by the county court of the county of Butler, in the state of Nebraska, where they then resided, and on the same day the guardian executed an application to the department of the interior for the purpose of obtaining a certificate showing that her ward was entitled to such additional entry. She also, as such guardian, on the same day sold and assigned such right of entry for a valuable consideration then paid to her; and, for the purpose of effectuating such sale and enabling the purchaser to secure the benefits thereof by a resale, the guardian executed and delivered an assignment or a bill of sale of such right of entry, containing an irrevocable power of attorney, authorizing the purchaser to make the entry and convey the land so entered for his own benefit. This instrument is designated as "Exhibit A" in the findings, and is substantially similar to the instrument under consideration in the case of Webster v. Luther, 50 Minn. 77, 52 N. W. 271.

When this instrument (Exhibit A) was executed and delivered by the guardian it did not contain the name of the person to whom the right purported to be assigned, or a description of the land to be entered by virtue thereof, but the places for writing in such name and description were left blank, with the intent that the same should be filled with such name, and with the description of such lands as should be desired by the person making a location of land by virtue of such right of entry. Thereafter the right of entry was sold and transferred to Leonidas Merritt, and the name of Thomas H. Pressnell was inserted in the blank left in the instrument for the name, and the description of the land described in the complaint was also inserted therein; who, acting under and by virtue of such instrument, made entry of the land in the name of Bertina M. Webb, the plaintiff, which was done without the knowledge or

consent of the plaintiff or her guardian. He afterwards, by virtue of such instrument, executed deeds of the land as such attorney, purporting to convey an undivided interest thereof to Leonidas Merritt and Edward Byrne, respectively. The defendants in this action have acquired, through mesne conveyances, all the title and interest of such grantees in the land so entered. The trial court found that, by the laws of the state of Nebraska, the guardian of the plaintiff had full power to sell and assign the right of her ward to make such additional entry. The rules of the general land office did not permit the entry of such additional homesteads, except in the name of the person having the original right. A patent for the land so entered was issued to Bertina M. Webb, in her name, pursuant to the entry made as herein stated.

The conclusion of law by the trial court was to the effect that defendants are the actual owners of the land in question, and that the plaintiff holds the legal title thereto in trust for them, and that she execute to them a deed thereof. The plaintiff made a motion for additional findings, which was denied, and judgment was entered for the defendants. The plaintiff appealed from the order and the judgment.

The plaintiff claims that the trial court erred in finding that by the laws of the state of Nebraska the guardian had authority to sell and assign the right of entry belonging to her ward. It is conceded that no evidence was offered as to the laws of Nebraska. Counsel for respondents claim that the court will presume, in the absence of evidence to the contrary, that the laws of another state are the same as those of our own. But there is no presumption that the statutory law of a sister state is the same as our own. In the absence of evidence, it will be presumed that the common law is in force in such states. Myers v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476, 72 N. W. 694.

The American common-law doctrine is that a general statutory guardian may sell the personal estate of his ward without a previous order of court appointing him. Schouler, Dom. Rel. §§ 347, 355; Humphrey v. Buisson, 19 Minn. 182 (221). It therefore necessarily follows that, if this right of entry was personal property, the find-

ing of the court complained of is supported by the presumption, and that the guardian had authority to sell and assign it.

Is the right to enter an additional homestead given by R. S. (U. S.) § 2306, personal estate? This question must be answered in the affirmative. It was so held in the case of Mullen v. Wine, 26 Fed. 206. The reason why it is personal property was tersely stated in the opinion in the case cited by Brewer, J., in these words:

"This right to enter and locate 80 acres was a thing of value; * * * was property. It was personal property, going with them [the owners] where they went; could be exercised and enjoyed anywhere; did not descend to the heir; was not attached to any particular tract of land; was therefore neither permanent, fixed nor immovable. It was a mere right of selection and taking."

Such right of entry is not only personal property, but it may be sold and assigned in the same manner as any other personal property, without complying with the law as to the conveyance of real estate. Webster v. Luther, 50 Minn. 77, 52 N. W. 271; Tuman v. Pillsbury, 60 Minn. 520, 63 N. W. 104; Mullen v. Wine, supra; Webster v. Luther, 163 U. S. 331, 16 Sup. Ct. 963. The case last cited affirms the decision of this court in the same case, and cites with approval the case of Mullen v. Wine.

The evidence is sufficient to sustain the finding of the trial court to the effect that Ellen J. Lawson executed Exhibit A as guardian of the plaintiff, and that it was intended to be an absolute sale and assignment of her ward's right of entry, and that such right was afterwards sold to Leonidas Merritt. The right was personal property, and no formality was required in transferring it. It would pass on the delivery of Exhibit A, as the right to locate a land warrant assigned in blank passes by delivery.

The original instrument (Exhibit A) was an assignment or bill of sale of the right, and the power of attorney was incorporated therein, and the name left blank for the purpose of enabling the person who should ultimately purchase and exercise the right of entry to secure the benefits thereof to himself. The power of attorney was necessary, in view of the practice of the land department in refusing to recognize any assignment of the right of entry. And to the end that the full beneficial ownership of the right of

entry might be made available to the assignee, so that he might resell it as personal property or make the entry himself, as he might elect, the name and description were left blank in the assignment, with the intent that the blanks should be filled by any owner who should elect to make the entry. The trial court so found as a fact, and the evidence sustains the finding. The blanks in the original assignment having been designedly left for this purpose and intent, such owner was authorized to fill the blanks by naming an attorney to make the entry, and thereafter to convey the, land to him. Therefore, when the name of such attorney was inserted in Exhibit A, it became and was just as valid and effectual for all purposes as if it had been inserted therein before the execution thereof. The statute (G. S. 1894, § 4203) so expressly provides. This brings this case within the decision of this and the supreme court of the United States in Webster v. Luther, supra.

The plaintiff, however, claims that there was a limitation on the power of the guardian in this case to leave the name of the attorney blank, and thereby delegate the selection of an attorney to the purchaser, and that this case falls within the rule of Cox v. Manvel, 50 Minn. 87, 52 N. W. 273, and s. c. 56 Minn. 358, 57 N. W. 1062, in which it was held that, where the guardian was authorized and directed by the court to appoint a suitable attorney to locate the additional homestead and dispose of it, a blank power of attorney— that is, no person being named as attorney—to make the location was void. The only basis of fact for the claim in this case is that more than a year after the execution and delivery of Exhibit A, and on September 2, 1882, but before an actual entry of the land was made in this case, the court appointing the guardian made an order similar to the order in Cox v. Manvel, a copy of which was attached to Exhibit A and filed in the land department. It does not appear upon whose application this order was made, but the trial court did find as a fact that it was not made on the application of either the plaintiff or her guardian, and neither knew that it had been applied for or made until after it was made. It is manifest that this order has nothing to do with this case, for the sale and assignment of the right of entry had been made, and the rights

of the parties had become vested, long before the making of this order.

This case does not differ essentially in its facts from the cases of Webster v. Luther and Tuman v. Pillsbury, in which the validity of the title of the assignee of the right to enter a soldier's additional homestead was sustained. It follows that the trial court did not err in its findings of fact or conclusions of law, and that the judgment appealed from must be affirmed.

So ordered.

CANTY, J.

I concur in the foregoing opinion so far as it holds that the right to enter the soldier's additional homestead was personal property and that the guardian had the power to sell it and did sell it. But the right was located and the patent issued in the name of the ward. What was once personal property had now become real estate, and the title to it, being in the name of the ward, could not be transferred by a blank power of attorney executed by the guardian.

The case is similar to any other where the United States government issues a patent to the wrong party,—a court of equity will declare that it is held in trust for the rightful owner. That was done in this case, and in my opinion the judgment should be affirmed.