TREVOR LUND v. ARTHUR SPRINGSTEEL.[1]

December 30, 1932.

No. 29,273.

[1]Reported in 246 N. W. 116.

*Bert Hanson* and *Alexander Fosmark,* for appellant.
*Oscar R. Knutson* and *M. J. Hegland,* for respondent.

DIBELL, J.

Action by the plaintiff for injuries sustained when he was run into by the defendant's auto. There was a verdict for the plaintiff, and the defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

The action was brought by Trygve Lund as father and natural guardian of Trevor Lund, his minor son, under G. S. 1923 (2 Mason, 1927) § 9172. One of the briefs states that the father became disabled and that Karen Lund, the boy's mother, was appointed guardian ad litem and substituted as plaintiff; and the title is "Karen A. Lund, guardian ad litem, substituted for Trygve W. Lund, guardian of Trevor Lund, a minor." When the action is brought in behalf of the minor by his guardian ad litem, the minor should appear as plaintiff by his guardian ad litem. The title here should be "Trevor Lund, by Karen A. Lund, his guardian ad litem," and it is now amended to read so. See Dalsgaard v. Meierding, 140 Minn. 388, 168 N. W. 584; Perine v. Grand Lodge A. O. U. W. 48 Minn. 82, 50 N. W. 1022; G. S. 1923 (2 Mason, 1927) § 9172; 3 Dunnell, Minn. Dig. (2 ed.) §§ 4453-4455, and cases cited.

On May 31, 1930, about 10:30 in the evening, the plaintiff was driving his auto on a state highway three and one-half miles

south of Warroad in Roseau county. The graveled portion of the highway was 21 or 22 feet in width. There was about two feet covered with grass on the side of the highway finally sloping down into a small ditch. While driving, the plaintiff's right front tire was punctured. Plaintiff turned his car to the right so that the right front and rear wheels were close to the edge of the gravel, perhaps a foot off, and stopped. He took from the back of his car a jack and pump to repair the tire. Before getting out and as preparing to get out he saw the defendant's car approaching from the south. He got out as far as to have one foot on the ground and the other on the running board and was facing east. He heard defendant's automobile and turned his head, and it was upon him or within a few feet of him. The defendant's car struck the plaintiff, and he suffered the injuries for which he sues. Two-thirds of the main traveled portion of the highway were left free for traffic. When he first noticed the auto it was 80 rods down the road. The evidence justifies a finding that the defendant at or about the place of the accident was driving very fast. There is evidence that his car was being driven from side to side of the road. One says the car was swaying. Several autos on the road got to the opposite side as close to the ditch as possible to avoid accident. Some of them stopped or nearly stopped. One driver said the defendant was "going about 60 miles an hour, and he was all over the road." The defendant did not stop although he knew that he had "nicked" the car of the plaintiff. The jury could find that the defendant was driving recklessly at an unsafe rate of speed, that he did not have his car under proper control, and that he was negligent.

■ The plaintiff was not as a matter of law guilty of contributory negligence. The most that can be claimed is that a jury could have found him to be so. The jury was not required to find that he did not leave a full space of 15 feet on the traveled portion of the street. And it could find that his violation of the highway traffic law of 1927, 1 Mason, 1927, § 2720-24(a), if he did violate it, was under subd. (c) and not within the application of subd. (a). The cases are collected in Geisen v. Luce, 185 Minn. 479, 242 N. W. 8,

and cases there cited. And see 61 A. L. R. 1155, and notes. The questions noted were submitted to the jury, and it found that he was not at fault.

Order affirmed.