### DAVID L. JOHNSON v. EDWARD A. COLP.[1]

November 14, 1941.

No. 32,869.

H. J. West and C. E. Warner, for appellant.
Erling Swenson, for respondent.

[1]Reported in 300 N. W. 791.

LORING, JUSTICE.

This is an action for damages alleged to have been sustained by an infant as the result of malpractice on the part of the defendant. Defendant's motion for a directed verdict was denied, the jury returned a verdict for plaintiff for $465, and defendant appeals from the order denying his alternative motion for judgment or a new trial.

The essential facts are undisputed. The father, accompanied by his father-in-law, took plaintiff, his infant son, to the defendant, a physician and surgeon of some ten years' experience, to be circumcised. The defendant, with his wife's aid, performed the operation, using an instrument called a circumcision clamp. The father and grandfather were called in immediately after the operation to see the result, and one of them remarked that it looked like a neat job. Before they left, defendant asked them to bring the child back in a few days, but, though the mother called and talked to defendant's wife about bleeding, the baby was never brought back as requested. Two weeks after the first operation they took the baby to another physician and surgeon, Dr. Peterson, who examined him and later performed another circumcision, also with a clamp. Dr. Peterson testified that the baby had a scar around and back from the end of his penis, that he cut through this scar tissue in performing his operation, and that he had found it necessary, because of the scar tissue, to dilate the skin of the organ after the operation.

■ The only question raised on appeal that need be considered is whether defendant was entitled to judgment notwithstanding the verdict. The duty or legal liability of a physician or surgeon in treating his patients is well settled in this state. Though he does not insure a good result, Staloch v. Holm, 100 Minn. 276, 111 N. W. 264, 9 L.R.A.(N.S.) 712, he must exercise the skill and care that an ordinary member of his school would exercise in his locality, Berkholz v. Benepe, 153 Minn. 335, and cases cited on page 337, 190 N. W. 800. Thus two obligations are imposed upon a physician or surgeon though the dividing line between those

obligations is sometimes obscure: (1) To use ordinary skill in diagnosis and method of treatment; (2) to use reasonable care in the manner in which that treatment is applied, or, as in this case, the operation performed. Plaintiff alleged both lack of skill and reasonable care and is entitled to recover if he established either.

First, in regard to skill, plaintiff introduced no evidence of the approved or standard method of performing a circumcision in that community, nor did he offer any evidence tending to show that defendant's methods were unskilful. His only expert witness refused to characterize defendant's surgery as either unskilful or negligent. Defendant testified that he performed the operation according to methods ordinarily used and approved in his locality, and his testimony was not contradicted or impeached. Thus plaintiff failed to prove that defendant did not use the required skill in operating on the boy.

Second, in regard to reasonable care, the only testimony describing the manner in which the operation was performed was produced by defendant. This testimony shows no lack of reasonable care, and there is no other proof of negligence. Thus plaintiff failed to establish a cause of action unless the doctrine of *res ipsa loquitur* may be successfully invoked by him.

Plaintiff argues that he had proved a fact situation entitling him to the benefit of the doctrine of *res ipsa loquitur*, which in a proper case has the effect, in the absence of evidence destroying the inference favorable to plaintiff, of saving him from a directed verdict for defendant. The application of the doctrine permits the trier of fact, in the absence of evidence of specific acts of negligence, to reason from the result back to the cause—to infer fault on the part of the person having control of some instrumentality from the failure of its operation to terminate in a safe or proper result when ordinarily a safe and proper result follows the exercise of care. Ryan v. St. Paul Union Depot Co. 168 Minn. 287, 210 N. W. 32; Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922. In this case we are precluded from applying the doctrine because of our holdings that no inference of lack of

skill or care can be drawn from a failure on the part of a physician or surgeon by treatment or operation to effect a cure, Yates v. Gamble, 198 Minn. 7, 268 N. W. 670; Nelson v. Dahl, 174 Minn. 574, 219 N. W. 941; see Collings v. Northwestern Hospital, 202 Minn. 139, 143, 277 N. W. 910, since such failure to cure occurs under the most skilful and careful treatment.

A careful examination of the opinions and records in the Minnesota cases relied upon by defendant discloses that Moratzky v. Wirth, 67 Minn. 46, 69 N. W. 480 (placenta left in womb); Moehlenbrock v. Parke, Davis & Co. 145 Minn. 100, 176 N. W. 169 (unsuitable ether administered); and Brossard v. Koop, 200 Minn. 410, 274 N. W. 241 (gauze left in a wound) each contained testimonial or circumstantial evidence entitling plaintiff to reach the jury without the benefit of *res ipsa loquitur*. There was no mention of *res ipsa loquitur* in those cases, and we believe that the doctrine was not relied upon by the court. But see Johnson v. Arndt, 186 Minn. 253, 257, 243 N. W. 67. In Jones v. Tri-State Tel. & Tel. Co. 118 Minn. 217, 136 N. W. 741, 40 L.R.A.(N.S.) 485, the plaintiff was burned by overexposure to X-rays during a diagnosis. Though the evidence was sufficient to make a case for the jury without having to rely on *res ipsa loquitur* (see page 219), the court did state that the facts presented a *res ipsa* situation. However, the injury complained of was not a failure to cure (the burn did not occur in the course of treatment and the relation of physician and patient did not exist) but rather a collateral injury to an undiseased portion of the body. *Cf.* Vergeldt v. Hartzell (8 Cir.) 1 F. (2d) 633. Other cases cited by plaintiff have been examined and require no comment. Obviously, these cases are not authority for plaintiff's contention that the doctrine of *res ipsa loquitur* entitled him to reach the jury in the instant case.

■ This action was brought in the name of the father, title being, "George S. Johnson, as Father and Natural Guardian of David L. Johnson, a Minor." Though the statute, Mason St. 1927, § 9172, authorizing the suit, does not expressly require it, we have held that such an action should be brought in the name of the

minor as plaintiff. Gimmestad v. Rose Bros. Co. Inc. 194 Minn. 531, 261 N. W. 194; Lund v. Springsteel, 187 Minn. 577, 246 N. W. 116. The correct title should be, "David L. Johnson, a minor, by George S. Johnson, as father and natural guardian," and is here amended so to read.

The order is reversed with directions to enter judgment for defendant.