HAROLD F. VADNAIS AND ANOTHER v. STATE
AND OTHERS.[1]

July 25, 1947.

No. 34,433.

*Francis E. Colgrove* and *W. A. McManigal, Jr.,* for appellants.

*J. A. A. Burnquist,* Attorney General, and *Charles E. Houston,*
Assistant Attorney General, for the State.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment in an action to foreclose a
mortgage upon certain tracts of land in the southeast quarter of
section 11, township 119, range 38, Chippewa county. The state and
the defendants Carlson answered, setting up in effect that the state,
by foreclosure of the mortgage, is the owner of the property on
which foreclosure was sought, subject to the state's contract for
deed with the Carlsons, and alleging that plaintiffs' mortgage is not
a lien thereon. Defendant J. H. Lewis answered, alleging approval
by the probate court of his acts as guardian, his discharge as such,
and asking dismissal as to him. Defendant Louis W. Vadnais de-
faulted and died before trial.

[1]Reported in 28 N. W. (2d) 694.

The following plat refers to the parcels involved herein as A, B, C, and D. For convenience, in this opinion the tracts will be referred to by their letter designations.

| N½ N½ SE¼  Not involved herein | |
| --- | --- |
| 40 acres | |
| **A** | **B** |
| S½ NW¼ SE¼ | S½ NE¼ SE¼ |
| Homestead | Homestead |
| 20 acres | 20 acres |
| **C** | |
| N½ S½ SE¼    Homestead | |
| 40 acres | |
| **D** | |
| S½ S½ SE¼    Non-homestead | |
| 40 acres | |

The trial court held that plaintiffs had an undivided half interest in tract A, but no interest in or lien upon tracts B, C, or D.

Kate Vadnais died intestate in 1919 while she was sole owner of tracts A, B, C, and D. Tracts A, B, and C constituted her homestead. By decree of distribution in her estate, Louis W. Vadnais, her husband, the father of these plaintiffs, received a life estate in A, B, and C, the homestead, and an undivided one-third interest in fee in D. There were four children, and each received an undivided one-fourth interest in the remainder in A, B, and C, after the life estate of their father, and an undivided one-sixth interest in D. Two of these children, Harold and Evelyn, these plaintiffs, were minors. J. H. Lewis was appointed their guardian.

April 10, 1926, Lewis, as guardian, was licensed by the probate court to sell the wards' interest in tracts A, B, C, and D. April 12,

1926, he sold their interest in tracts B, C, and D only to Louis W. Vadnais, the father, for the sum of $2,380, the receipt of which he acknowledged in the guardian's deed. April 12, 1926, the guardian reported the sale for $2,380 cash, and it was approved by the probate court (as if A were included with B, C, and D). Actually, no money was paid, nor was the interest of the minors in tract A then or ever conveyed to anyone. This transaction left the father with his life estate in A, B, and C, plus one-half of the remainder in B and C, plus his original one-third in fee in D, plus the one-third in fee of that tract previously owned by Harold and Evelyn. Evidently, he received no conveyance from Ambrose and Florence, the two children who were of age.

May 3, 1926, Louis W. Vadnais, the father, and Ambrose and Florence, joined in a mortgage to the state of Minnesota covering only tracts A and B to secure a loan in the amount of $13,000. It was filed for record in May 1926. October 13, 1926, with the approval of the probate court, Louis W. Vadnais made a mortgage to J. H. Lewis, as guardian of the minors, covering Louis's interest in tracts A, B, C, and D, which was recorded and the registration tax paid December 9, 1926. The debt secured by this mortgage was $2,380, the same as the purchase price was to pay Louis for B, C, and D, and was, in fact, the purchase price. The mortgage stated that it was subject to a first mortgage of $13,000 to the state. (The mortgage of May 3, 1926, to the state, covered tracts A and B only.) The note and mortgage from Louis to the guardian represented the only consideration the guardian ever received on behalf of the two minor children. It was due May 1, 1931.

In September 1927, Louis, Ambrose, and Florence executed and delivered to the state a mortgage in terms the same as the previous mortgage to the state, but covering tracts C and D, as well as A and B. This mortgage was dated back to April 30, 1926, but not executed or acknowledged until September 19, 1927, and filed September 28, 1927. This later mortgage was the one subsequently foreclosed by advertisement and through which the state, by bidding in all the tracts covered thereby for the full amount of the debt, now

claims title. Under date of October 18, 1927, Harold Vadnais, one of the minors, who was then of age, joined with J. H. Lewis, guardian of Evelyn Vadnais, in an agreement with the state, filed October 28, 1927, wherein it was provided that the mortgage dated April 30, 1926, but executed September 19, 1927, and filed for record September 28, 1927, should be prior to the mortgage of Louis W. Vadnais to the guardian, which was filed December 9, 1926. This agreement was made without the approval of the probate court, and, so far as the record shows, without Evelyn's knowledge until some time shortly prior to the commencement of this action.

The question presented for decision is whether the mortgage to the minor children is a lien prior to the mortgage foreclosed by the state. The trial court held that it is not.

Since tract A was never conveyed to Louis Vadnais by the guardian of Harold and Evelyn, who did not join in either of the mortgages to the state, they still have title to their half of it. The trial court so determined, and there was no appeal from that determination.

What is the situation as to tracts B, C, and D? Harold, after becoming of age, undertook to waive the priority of the mortgage from Louis W. Vadnais over the state's later mortgage. Evelyn's situation is different. Assuming that the recital in the mortgage to the minors, subordinating it to the state's first mortgage, is valid because approved by the probate court (though erroneously), nevertheless the later agreement by the guardian, subordinating the mortgage from Louis W. Vadnais to the state's second mortgage, was never approved by the probate court, was beyond the power of the guardian, and was not binding upon Evelyn, who was still a minor. Since the guardian is merely an agent of the probate court, the act was without authority and null and void. Cox v. Manvel, 50 Minn. 87, 52 N. W. 273; Freiberg v. De Lamar, 7 Tex. Civ. App. 263, 267, 27 S. W. 151. Those who deal with a guardian are bound, at their peril, to determine under what authority he acts. Cox v. Manvel, 56 Minn. 358, 57 N. W. 1062. Hence, Evelyn's interest was unaffected by the agreement waiving priority. The recital in the Louis

W. Vadnais mortgage to Harold and Evelyn related only to the first mortgage to the state, which was given to secure a debt now satisfied by the sale under the second mortgage to the state. Hence, the state has no claim under the first mortgage, and Evelyn's interest in tract B is unaffected by it. Is she a prior mortgagee with regard to Louis's interest in tracts C and D, as well as B, and has she the right to foreclose her mortgage? The answer must be in the affirmative. She has never waived the priority of her mortgage over the state's second mortgage, either by recital or subsequent agreement, nor has anyone had the authority to do it for her.

The remaining question is whether Harold, who was of age at the time of the waiver agreement, relinquished his rights in tracts C and D as well as in B by joining Lewis in that agreement with the state. The test is whether the interest of each minor is severable. The mortgage was given as the purchase price for their interest in tracts B, C, and D. Each minor had a one-half interest in the debt secured by the mortgage. Since the debt is for a sum certain and each is entitled to half, it would seem that this situation is not within the rule of Richardson v. Kotek, 123 Minn. 360, 143 N. W. 973, where the covendors were respectively owners of a life estate and of the remainder in the property sold, and the contract was for a lump sum. It was held not severable. In the case at bar, we are of the opinion that the interest of each child in the debt secured by the purchase money mortgage is severable and may be disposed of without the joinder of the other. Therefore, in this foreclosure by action, Evelyn alone is entitled to foreclose to protect her interest. Harold has disposed of his half by a waiver in favor of the mortgage which the state subsequently foreclosed. The mortgage given to the guardian as payment for the minors' interest was due May 1, 1931, and the action to foreclose was instituted within 15 years, the statutory period. M. S. A. § 541.02. In that situation, the question of laches does not arise. Greenfield v. Hill City Land, L. & L. Co. 141 Minn. 393, 170 N. W. 343; Shearer v. Christy, 136 Minn. 111, 161 N. W. 498.

As to Evelyn, estoppel is not in the case. The state was charged with knowledge and was fully aware of the whole situation from its inception.

Judgment reversed with directions to enter a decree of foreclosure in behalf of Evelyn for one-half of the principal and interest with costs on the mortgage upon which foreclosure is sought.