MARTINEAU v. CITY OF ST. PAUL et al.

No. 13819.

United States Court of Appeals
Eighth Circuit.

Feb. 28, 1949.

William H. De Parcq, of Minneapolis, Minn. (Joseph P. Johnson, of St. Paul, Minn., and Donald T. Barbeau, of Minneapolis, Minn., on the brief), for appellant.

Marshall F. Hurley, Asst. Corp. Counsel of City of Saint Paul, of St. Paul, Minn. (Bruce J. Broady, Corp. Counsel, of St. Paul, Minn., on the brief), for appellee City of Saint Paul.

Pierce Butler, III, of St. Paul, Minn. (Michael J. Doherty, Jack C. Foote and Doherty, Rumble, Butler & Mitchell all of St. Paul, Minn., on the brief), for appellees Francis D. Butler and Pierce Butler.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing the complaint of the plaintiff (appellant) for lack of jurisdiction. The action is one to recover damages of $100,000 for personal injuries alleged to have been sustained by Daniel Joseph Murphy, a minor, as a result of the negligence of the defendants (appellees). The minor, his parents, and the defendants are all citizens of Minnesota. The plaintiff, Robert J. Martineau, who is the general guardian of the minor, is a citizen of Illinois. The accident which caused the injuries to the minor occurred in St. Paul, Minnesota, on July 22, 1947, when he threw some dynamite caps into a bonfire. The caps, according to the complaint, were negligently left by the Northern States Contracting Company and the individual defendants in a dilapidated building or shed constituting a nuisance attractive to children and located partly upon property belonging to the McDermott Realty Company and partly upon a public street of the City of Saint Paul, Minnesota.

James Vincent Murphy, the father of the minor, as his natural guardian, pre-

sentcd to the City of Saint Paul a claim on behalf of the minor for $250,000 damages. On February 13, 1948, the parents of the minor filed a petition with the Probate Court of Ramsey County, Minnesota, alleging "that a general guardian should be appointed for the purpose of protecting the person and estate of said minor by prosecuting an action for personal injuries sustained by said minor," and that Robert J. Martineau, a lawyer of Wilmette, Illinois, was a suitable person to be appointed such guardian. The prayer of the petition was that he or some other suitable person be appointed "general guardian of the person and estate of said minor." The Probate Court, on February 13, 1948, appointed Robert J. Martineau "general guardian of the person and estate" of the minor. Letters of general guardianship were issued to Martineau on February 25, 1948.[1]

Robert J. Martineau brought this action in the United States District Court for the District of Minnesota in his own name upon the assumption that he had the right to do so by virtue of § 540.04, Minn. Stat. Ann., which provides: "An executor, administrator, or guardian, a trustee of an express trust, or a person expressly authorized by statute to sue, may sue without joining with him the person for whose benefit the action is brought. * * *"

Martineau, in basing jurisdiction of this action upon diversity of citizenship, relied upon the rule announced by the Supreme Court of the United States in Mexican Central Railway Co. v. Eckman, 187 U.S. 429, in which the court said at page 434, 23 S.Ct. 211, 213, 47 L.Ed. 245: "If in the state of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as Federal jurisdiction is concerned, even though suit might have been instituted in the name of the ward by guardian ad litem or next friend."

See also, Mecom v. Fitzsimmons Drilling Co., Inc., 284 U.S. 183, 52 S.Ct. 84, 76 L. Ed. 233, 77 A.L.R. 904; City of Detroit, Mich., v. Blanchfield, 6 Cir., 13 F.2d 13, 47 A.L.R. 314.

Several of the defendants made motions to dismiss, in which it was asserted that the appointment of Martineau was collusive and that the requisite diversity of citizenship did not exist. The District Court concluded that, under the applicable Minnesota law and the circumstances of the case, the minor ward was the real party plaintiff; that Martineau was a nominal plaintiff, selected for the sole purpose of attempting to confer jurisdiction upon the federal court; and that the court had no jurisdiction. 78 F.Supp. 892.

No one is under any illusions as to the appointment of a citizen of Illinois as guardian for the injured minor having been procured for the purpose of conferring jurisdiction of this case upon the federal court. Counsel for the plaintiff regards this as legitimate and effective strategy, while counsel for the defendants consider it an improper, collusive and ineffective device to confer upon the federal court a jurisdiction which it does not actually possess. We think that the question of federal jurisdiction must largely turn upon the relationship which Martineau and his ward bear to this controversy under Minnesota law.

Our examination of the applicable law of Minnesota leads us to the following conclusions:

■ (1) The minor is a ward of the Minnesota Probate Court.[2]

[1] The appointment of a nonresident guardian was contrary to Rule XX of the Minnesota Probate Court Rules, promulgated by the Judges of the Probate Courts of Minnesota under § 525.06, Minn. Stat. Ann., providing that "No nonresident of the State of Minnesota shall be appointed representative of the estate of a deceased person or guardian of the estate or person of any ward," page 889 of Vol. 31, Minn. Stat. Ann., but it is not contended that the Probate Court of Ramsey County was without power to make the appointment.

[2] Cox v. Marvel, 56 Minn. 358, 362, 57 N.W. 1062, 1063.

[3] Perine v. Grand Lodge of A. O. U. W., 48 Minn. 82, 87, 50 N.W. 1022, 1023; Kurtz v. St. Paul & Duluth R. Co., 48 Minn. 339, 342, 51 N.W. 221, 31 Am.St.

■ (2) The guardian is merely an officer or agent of the Probate Court.[3]

■ (3) The guardian has no estate or personal interest in the property or claim of his ward.[4]

■ (4) The minor is the real party in interest. The guardian is a proper party to the record and has control of the prosecution of the action. The name of the minor may, and should be, inserted as plaintiff.[5]

■ (5) Since the minor is the owner of the claim in suit and the real party in interest, the action should have been brought in his name, and the title should be amended to show that he is the actual plaintiff, even though that is not expressly required by statute, Johnson v. Colp, 211 Minn. 245, 248, 249, 300 N.W. 791, 793.[6]

■ (6) Since the plaintiff could not maintain this action in the state courts of Minnesota in his own name, he cannot maintain it in the federal court, which, in diversity cases, enforces State law and State policy.[7]

The proper title of this action is, "Daniel Joseph Murphy, a minor, by Robert J. Martineau, his general guardian, Plaintiff, versus" the defendants. As so amended, the title discloses what is the fact, namely, that the actual controversy is between citizens of Minnesota, and that the diversity of citizenship requisite for federal jurisdiction is lacking.[8]

■ Even if this controversy were to be regarded as one between the guardian and the defendants, we would still be of the opinion that diversity of citizenship was lacking, since the guardian is a mere agent of the Probate Court of Ramsey County, Minnesota, appointed for the purpose of enforcing a claim of a ward of that court against citizens of Minnesota. We think that a Probate Court of Minnesota, by appointing a nonresident as a guardian for a Minnesota minor, cannot transmute what is purely a local controversy into one between citizens of different states, or confer jurisdiction of the controversy upon the United States District Court for the District of Minnesota.

The judgment appealed from is affirmed.

---

Rep. 657; Cox v. Marvel, supra, page 363 of 56 Minn., page 1063 of 57 N.W.; State ex rel. Hilbert, (State Board of Control) v. Probate Court of Mahnomen County, 150 Minn. 16, 22, 184 N.W. 27, 29, 30; Hoverson v. Hoverson, 216 Minn. 237, 241, 12 N.W.2d 497, 500; Vadnais v. State, 224 Minn. 439, 442, 28 N.W.2d 694, 696.

[4] Humphrey v. Buisson, 19 Minn. 221, 225; Perine v. Grand Lodge of A. O. U. W., supra, page 87 of 48 Minn., page 1022 of 50 N.W.; Kurtz v. St. Paul & Duluth R. Co., supra, page 342 of 48 Minn., page 221 of 51 N.W.; Hoverson v. Hoverson, supra, page 241 of 216 Minn., page 500 of 12 N.W.2d; Martin v. First National Bank of Rush City, D. C.Minn., 51 F.2d 840, 844, 845; Johnson v. United States, 8 Cir., 87 F.2d 940, 943, 109 A.L.R. 949.

[5] Perine v. Grand Lodge of A. O. U. W., supra, pages 87-88 of 48 Minn., page 1023 of 50 N.W.

[6] Perine v. Grand Lodge of A. O. U. W., supra, page 87 of 48 Minn., pages 1022, 1023 of 50 N.W.; Lund v. Springsteel, 187 Minn. 577, 578, 246 N.W. 116; Gimmestad v. Rose Brothers Co., Inc., 194 Minn. 531, 537, 261 N.W. 194, 196; John-

son v. Colp, 211 Minn. 245, 248, 249, 300 N.W. 791, 793; Parrish v. Peoples, 214 Minn. 589, 597, 9 N.W.2d 225, 229, 230; Hoverson v. Hoverson, supra, p. 239 of 216 Minn., p. 499 of 12 N.W.2d; Rebne v. Rebne, 216 Minn. 379, 383, 13 N.W.2d 18, 20; Sanne v. Metropolitan Life Ins. Co., 218 Minn. 181, 182, 15 N.W.2d 524, 525.

[7] Angel v. Bullington, 330 U.S. 183, 191, 67 S.Ct. 657, 91 L.Ed. 832.

[8] Counsel for the minor have already brought an action in the State District Court of Ramsey County, Minnesota, against the same defendants, upon the same claim. The action is entitled: "Daniel Joseph Murphy, a minor, appearing by Robert J. Martineau, his general guardian, and by James V. Murphy, his father and natural guardian, Plaintiff," versus the defendants. While counsel for the appellant asserts that this state court action was brought as a precautionary measure, its title recognizes that, under the law and public policy of the State of Minnesota, an action on behalf of a ward by a guardian, whether he is a natural guardian, a guardian ad litem, or a general guardian, should be brought in the name of the ward.