**STARK v. ARNESON et al.**

Civ. No. 872.

United States District Court
D. Minnesota, Sixth Division.

April 20, 1951.

Stiening, Olson & Thysell, Moorhead, Minn., Nilles, Oehlert & Nilles, and L. H. Oehlert, all of Fargo, N. D., of counsel, for plaintiff.

Jerome T. Anderson (of Carroll & Thorson), Minneapolis, Minn., for defendants.

DONOVAN, District Judge.

This matter was brought before the undersigned, one of the judges of the above-named Court, at St. Paul, Minnesota, on the 7th day of March, 1951, upon the motion of the plaintiff to remand. The motion was submitted on a brief by plaintiff's counsel, who made no personal appearance.

Plaintiff commenced action for tort in the State court to recover damages against defendants Arthur B. Arneson and his employer, American Republic Insurance Company, a corporation licensed to do business in Minnesota. The complaint describes a joint cause of action against defendants, based on the alleged negligence of Arthur B. Arneson arising out of and during the scope of his employment by his co-defendant [1] while he was driving a motor vehicle on U. S. Highway No. 10 in Minnesota, and collided with an automobile in which plaintiff was riding as a passenger.

The case was removed to federal court [2] on petition of American Republic Insurance Company, an Iowa corporation.[3] Defendant has answered.

It is undisputed that plaintiff Doris Stark is a minor, domiciled in North Dakota, and that the Minnesota court appointed her father, the said Alfred J. Stark, her guardian ad litem, pursuant to Minnesota law and for the purposes of this action.

There is nothing in the pleadings or removal papers suggesting that the claim of joint liability is a fraudulent device to prevent removal, nor do they disclose a separable controversy.

■ In a case such as this the court must take the case as stated in the pleadings, and look to the complaint to determine whether the allegations therein constitute a legal claim under the substantive law of Minnesota. In cases of tort plaintiff may elect to make his action joint or several. A separate defense may defeat a joint recovery, but it will not affect plaintiff's right to prosecute his action to a conclusion in his own way. It is obvious in the present case from a reading of the complaint that the action is one against joint tort feasors.[4]

■ In my opinion the record here is insufficient to sustain federal jurisdiction required by the applicable statute, 28 U.S. C.A. § 1441 et seq. The cause must be remanded to the District Court in and for the Seventh Judicial District, Clay County, Minnesota.

It is so ordered.

---

1. Republic Insurance Company is joined as a defendant, it being alleged in the complaint: "That at all of the times mentioned herein, said defendant, Arthur B. Arneson, was acting as an employee and agent of said defendant, American Republic Insurance Company, a corporation, and that such employee and agent was proceeding within the scope of his employment and agency."

2. 28 U.S.C.A. § 1446.

3. Petitioner sets forth: "That this action involves a controversy which is wholly between citizens of different states; that the plaintiff, at the time of the sustaining of the injuries referred to in the complaint and at the time of the commencement of this action, was a citizen of the State of North Dakota; that the defendant-petitioner, at the time of the occurrence of the aforesaid accident and the commencement of this action, was a citizen of the State of Iowa having its place of business at Des Moines, Iowa."

4. Huffman v. Baldwin, 8 Cir., 82 F.2d 5; Wright v. Mo. Pac. R. Co., 8 Cir., 98 F.2d 34, and cases cited therein; Martineau v. City of St. Paul, 8 Cir., 172 F. 2d 777; Edwards v. E. I. DuPont De Nemours & Co., 5 Cir., 183 F.2d 165.